IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

CARL HAKANSON,                         )
                                       )
            Plaintiff,                 )    Civil No. 10-6094-HO
                                       )
      v.                               )    ORDER
                                       )
BOISE, INC. an Oregon corporation,     )
and ASSOCIATION OF WESTERN PULP &      )
PAPER WORKERS, LOCAL #396,             )
                                       )
            Defendants.                )

Plaintiff, Carl Hakanson, filed this action in the Circuit Court for the County of Marion alleging intentional infliction of emotional distress (IIED), wrongful discharge, intentional interference with economic relations and defamation against defendants Boise, Inc. and the Association of Western Pulp & Paper Workers Association, Local 396 (the Union). Defendants removed the action to this court asserting the state law claims are preempted by federal law.

Defendants moved to dismiss the complaint based on preemption under the Labor Management Relations Act (LMRA) and its statute of limitations. Plaintiff responded to the motions to dismiss, but also filed an amended complaint. The court denied the initial motions to dismiss as moot. The amended complaint asserted claims for IIED against both the Union and Boise, wrongful discharge against Boise, and defamation against the Union.

Plaintiff also moved to remand asserting that federal law did not apply. The issue with respect to the applicability of federal law was the same issue with respect to the renewed motions to dismiss. The court determined that all claims were preempted under the LMRA, but on appeal, the Ninth Circuit found that preemption only applied to Boise:

> However, the district court erred when it held Hakanson's state law claims against the Union are preempted by the LMRA. Hakanson contends the Union defamed him when it encouraged Dorsey to file a police report which stated that Hakanson had been the aggressor in their altercation. Although "statements that are made in grievance proceedings established by a [collective bargaining agreement] . . . . are privileged and may not support a state tort claim," Hyles v. Mensing, 849 F.2d 1213, 1217 (9th Cir. 1988), we find no authority for the proposition that the statements the Union encouraged Dorsey to make to the police were statements made "in grievance proceedings." Hyles provides that statements are privileged if they are made by witnesses in the course of grievance hearings. The district court erred when it extended the Hyles rule to cover any and all statements made while the Union's representation of Dorsey representation was ongoing.

2 - ORDER

Plaintiff now renews his motion for remand. Defendant Union responded by moving to strike or alternatively to dismiss.[1]

Because the only remaining claims are the non-preempted state law claims, plaintiff asserts the court should now remand the case to Marion County. The IIED claim is based on the Union encouraging Dorsey to report plaintiff's actions as criminal and to pursue a civil action. The defamation claim is based on the same conduct of allegedly reporting the false claims.

Defendant Union argues, apparently, that the Ninth Circuit did not find the claims against it weren't preempted, but only that it is possible they aren't. For instance, the Union maintains that the current allegations regarding preempted claims against former defendant Boise are so intertwined that they cannot be separated. Further, the Union contends that the Ninth Circuit pointed to allegations regarding the police report as a "potential" non-preempted state law claim. In addition, the Union argues that preempted allegations remain intertwined with allegations that "may" independently support a claim under state law.

However, the Ninth Circuit did not reverse because there "may" be a "potential" state law claim against the Union. It unequivocally held that plaintiff's "state-law defamation and IIED

---

[1] The Union seeks to strike all preempted allegations and have plaintiff replead, or have the court determine that the preempted allegations are too intertwined to be separated from the state law claims against the Union and dismiss. The Union agrees that to the extent any non-preempted claims remain, the court should remand.

3 - ORDER

claim arising from the defamation, are not preempted by the LMRA."

While this court did determine that the claims were intertwined with interpretation of the collective bargaining agreement, the Ninth Circuit opinion is clear. It would serve no useful purpose to require plaintiff to amend the complaint prior to ordering a remand. While the Union correctly points out that it is entitled to have the federal courts determine the scope of preemption before remanding the state claims, the federal courts have already determined such scope.

The motion to dismiss the claims against Boise as preempted has been granted by this court and affirmed by the Ninth Circuit. The only remaining claims are the non-preempted claims against the Union and plaintiff's motion to remand those claims back to state court are granted and the Union's motion to strike or dismiss is denied.

Plaintiff also seeks costs, contending there was no reasonable basis for the Union to seek removal. Given that this court previously found the claims preempted by federal law, it is difficult to see how defendant did not have a reasonable basis for seeking removal. Plaintiff's requests for costs are denied.

In accordance with the Ninth Circuit's remand to this court, plaintiff's IIED and defamation claim against the Union are remanded to state court.

4 - ORDER

## CONCLUSION

For the reasons stated above, defendant Union's motion to strike or dismiss (#44) is denied and plaintiff's renewed motion to remand (#42) is granted.

DATED this 21st day of December, 2011.

_____
United States District Judge

5 - ORDER